THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MARY DAY DAVIS** | * | **CIVIL ACTION NO. 06-1161** |
| **VERSUS** | * | |
| **UNITED STATES OF AMERICA on behalf of US POSTAL SERVICE** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss for lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendant, the United States of America ("Defendant") (Doc. #7). The motion is unopposed. For reasons stated below, the motion is **GRANTED** and this matter is **DISMISSED** for lack of subject matter jurisdiction.

## BACKGROUND

On July 6, 2007, Plaintiff Mary Day Davis ("Davis") filed a complaint in this Court seeking damages allegedly sustained following a trip and fall at the United States Post Office ("USPS") in Dubach, Louisiana. Plaintiff alleges that she tripped and fell as a result of an unmarked, uneven, and hazardous sidewalk in front of the post office.

Plaintiff's complaint states that she filed an administrative claim with the USPS by mailing same on December 12, 2005, by certified mail and has attached to her complaint her Standard Form 95, which is a form commonly used by claimants seeking administrative resolution for tort claims against the United States and its agencies pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. The form states that the date of the accident was December

12, 2003.  The form also identifies the date of the claim as December 12, 2005.  The administrative claim was sent to Gregory J. Gaines ("Gaines"), an employee of the United States Postal Service charged with processing and maintaining tort and accident claims made against the Postal Service for the Louisiana District.  Def. Ex. 1 at 1.  According to Gaines' declaration, he received Plaintiff's administrative claim on December 15, 2005, and he date-stamped the claim on such date.  *Id*. at 2.  The date stamp on Plaintiff's Standard Form 95 confirms the date of receipt as December 15, 2005.  Gov. Ex. A.  Plaintiff's administrative claim was denied on January 11, 2006, on the grounds that the claim was filed beyond the two-year statute of limitations period established by 28 U.S.C. § 2401(b).  Plaintiff's Ex. 3.

In the instant motion, Defendant asserts that this Court lacks subject matter jurisdiction over Plaintiff's claim because Plaintiff's administrative claim was not presented within the two-year statute of limitations period imposed by the FTCA.

## LAW AND ANALYSIS

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)(quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).  The party seeking to invoke jurisdiction bears the burden of demonstrating its existence.  *See, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996)(citation omitted).

An action may be dismissed for lack of subject matter jurisdiction on any one of three

separate grounds:  (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or, (3) the complaint, the undisputed facts, and the court's resolution of disputed facts.  *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).  The instant motion falls within the second category.

The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived.  *U.S. v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976).  In the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts.  *See, Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962).  "The FTCA constitutes a limited waiver of sovereign immunity . . . " for claims sounding in tort.  *Linkous v. U.S.*, 142 F.3d 271, 275 (5th Cir. 1998).

The Federal Tort Claims mandates that a plaintiff present a claim to the appropriate federal agency within two years of the time the action accrues.  Section 2401(b) of the Act states in pertinent part:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of a final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  "'It is well-settled that these limitation periods are jurisdictional." *Flory v. U.S.*, 138 F.3d 157, 159 (5th Cir. 1998).

Plaintiff's complaint alleges that the incident at issue occurred on December 12, 2003; thus, Plaintiff had until December 12, 2005, to present her administrative claim to the USPS.

Plaintiff mailed her administrative claim by certified mail on December 12, 2005, the last day of the limitations period, and it was received by the Postal Service on December 15, 2005. Thus, the crucial question is whether the placing of the claim in the mail on December 12, 2005, constituted adequate presentment of the claim to the USPS for purposes of the FTCA. Federal regulations supply the answer to this question. 28 C.F.R. § 14.2(a) states in pertinent:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency *receives* from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. . . .

28 C.F.R. § 14.2(a) (emphasis added). Similarly, 39 C.F.R. § 912.5 provides that "a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant . . . an executed Standard Form 95 . . . or other written notification of an incident. . . . 39 C.F.R. § 912.5; *see also Williams v. U.S.*, 1998 WL 886993, *2 (E.D.La. Dec. 17, 1998) ("A claim is presented when it is *received* by the federal agency.") (emphasis in original); *Bryan v. Clarence Anthony Stevens*, 169 F.Supp.2d 676, 984 (S.D.Tex. 2001) ("The burden is on the plaintiff to prove that the federal agency received notice of the written claim; merely mailing the claim will not suffice.").

It is undisputed in this case that the USPS did not receive Plaintiff's administrative claim until December 15, 2005, three days beyond the two-year limitations period. Consequently, Plaintiff's claim was not "presented," i.e. received by the USPS, within two years of the accrual

of her claim.[1] Thus, Plaintiff's claim is time-barred, and this Court lacks subject matter jurisdiction over this matter, *Flory,* 138 F.3d at 159. Accordingly, Defendant's motion to dismiss is **GRANTED and this matter is DISMISSED WITH PREJUDICE**[2] for lack of subject matter jurisdiction.

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of July 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[1] Defendant cites to a number of cases holding that the "mailbox rule" does not apply to claims under the FTCA. According to the "mailbox rule," "[p]roof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing Hagner v. United States, 285 U.S. 427 (1932)). However, in this case there is no dispute as to whether and when the document was received by the USPS; therefore, the "mailbox" rule has no relevance to the issue of the timeliness of Plaintiff's administrative claim.

[2] See, *Bryan v. Clarence Anthony Stevens*, 169 F.Supp.2d 676, 984 (S.D.Tex. 2001).